# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**KELVIN OWENS (# 82292)**                                                            **PLAINTIFF**

**v.**                                                                       **No. 4:06CV208-P-A**

**CHRISTOPHER EPPS, ET AL.**                                                   **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Kelvin Owens, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed with prejudice for failure to state a claim upon which relief could be granted.

The plaintiff tested positive for cannaboid use. He was issued a rule violation report and found guilty of the rule violation. As punishment for the rule infraction, the plaintiff lost all privileges for thirty days and was enrolled in the Behavior Modification Program ("BMP"). The plaintiff has not set forth any unduly harsh conditions for inmates in the BMP, only that he does not like the program – and that his enrollment in the program prohibits the Mississippi Department of Corrections from housing him anywhere other than the Mississippi State Penitentiary. The plaintiff would rather be housed somewhere closer to his family.

In view of the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the court concludes that the plaintiff has failed to set forth a claim which implicates the Due Process Clause or any other constitutional protection. As the Court noted, "States may under certain circumstances create liberty interests which are protected

by the Due Process Clause [, but] these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In the *Sandin* case, the discipline administered the prisoner was confinement in isolation. Because this discipline fell "within the expected parameters of the sentence imposed by a court of law," *id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," *id*., the Court held that neither the Due Process Clause itself nor State law or regulations afforded a protected liberty interest that would entitle the prisoner to the procedural protections set forth by the Court in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5$^{th}$n Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

The plaintiff has not alleged any conditions of his incarceration or enrollment in the BMP that represent atypical, significant deprivation in which a state might conceivably create a liberty interest; instead his discipline falls within the expected parameters of his sentence. As such, the plaintiff's claims against the defendants must be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 1st day of February, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE